## LOFLAND v. COWGER.

### Opinion delivered June 9, 1900.

ADMINISTRATION—APPORTIONMENT OF ASSETS—SECURED CREDITOR.—Where the probate court has ordered an apportionment of funds to claims of the fourth class, it cannot subsequently compel a secured creditor of that class to foreclose his mortgage and credit the proceeds on his debt, in order to reduce his claim and lessen the amount of the apportionment due thereon. (Page 275.)

Appeal from Yell Circuit Court, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

#### STATEMENT BY THE COURT.

One L. B. Reynolds owed J. C. Lofland a debt, which he secured by executing to Lofland a mortgage on real estate. Reynolds died. Lofland probated his claim against his estate, and it was classed in the fourth class of claims. Afterwards the probate court ordered the administrator to.pay out of the money of the estate in his hands fifty cents on the dollar on all fourth class claims. Some months after this order of apportionment was made the administrator and certain unsecured creditors of the estate brought this action in equity in the circuit court, asking that Lofland be compelled to foreclose his

mortgage, and that he be allowed a *pro rata* only on the balance due him after crediting the proceeds of the mortgage on his claim. Lofland demurred to the complaint, and, his demurrer being overruled, he stated in his answer that the property mortgaged was less in value than the amount of his debt, and that, if he was compelled to foreclose his mortgage, and accept a *pro rata* on only the balance due after crediting proceeds, a portion of his debt would remain unpaid.

The court found in favor of plaintiff, and ordered that Lofland foreclose his mortgage, and that he be allowed a *pro rata* of fifty cents on the dollar on the balance found due after crediting proceeds of the mortgage. Lofland appealed.

*John M. Parker*, for appellant.

It was the duty of the administrator to file his account current one year after appointment (Sand. & H. Dig., § 133), and of the probate court to ascertain the amounts on hand and order payment of same to creditors. *Ib.* § 154. The probate court having done that, by this order the rights of appellant became vested, and, if wrong so far as related to appellant's claim, the administrator's remedy was by appeal. 59 Ark. 548; 12 Am. & Eng. Enc. Law, 1470. Appellant was entitled to fifty per cent. of his claim. 59 Ark. 548. The rule as to marshaling of securities has no application here. 14 Am. & Eng. Enc. Law, 685, 686, 696, 697–8, 725–7; 31 Ark. 203.

*John B. Crownover*, for appellees.      •

There was no error in requiring appellant to foreclose his mortgage and liens and credit the proceeds as the debt, and then allowing him fifty per cent. on said amount. 59 Ark. 548; 13 La. 575; 31 Pac. 755; 32 S. C. 473; 16 Mass. 308; 76 Mo. 200; 1 Sneed, 351; 3 Head, 361.

RIDDICK, J., (after stating the facts.) The question raised by this appeal has already been considered by the court. In the recent case of *Jamison* v. *Adler-Goldman Com. Co.* 59 Ark., 548, we held that the assets of an insolvent decedent's estate are to be apportioned among creditors of the same class in proportion to the amounts severally due them at the time of the apportionment, and that, in ascertaining the amounts due to

secured creditors, any sums realized by them on their securities since obtaining their judgments in the probate court should be deducted. Now, at the time the order of apportionment was made in this case nothing had been paid on the claim of Lofland. The fact that it was secured by a mortgage on real estate was a matter of no moment, so far as the apportionment was concerned; for, as we stated in the Jamison case, "secured and unsecured claims are classed and paid on the same basis." The mortgage given to secure the debt did not constitute a payment, either in whole or part, and, as no part of his judgment is paid, Lofland is entitled to a *pro rata* on the whole amount thereof, in accordance with the order of the probate court.

Whenever the debt is paid in full, the mortgage will of course be discharged, and the property, relieved of the lien, will belong to the estate; but the court cannot, after the apportionment has been ordered, compel the creditor to foreclose his mortgage, and credit the proceeds on his debt, in order to reduce his claim, and lessen the amount of the apportionment due theron. *Jamison* v. *Adler-Goldman Com. Co.* 59 Ark. 548; *Erle* v. *Lane,* 22 Col. 273; *Philadelphia Warehouse Co.* v. *Anniston Pipe Works,* 106 Ala. 357.

Whether this could have been done before the order of apportionment was made is a question we need not consider in this case. For the reasons stated the judgment of the circuit court will be reversed, and the cause dismissed for want of equity.